**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CORP GROUP BANKING S.A., et al.,[1]<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 21-10969 (JKS)<br>§<br>§ (Jointly Administered)<br>§<br>§ **Obj. Deadline: May 4, 2022 at 4 p.m. (ET)**<br>§ **Hearing Date: May 11, 2022 at 11 a.m. (ET)** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SEAL (I) OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OMNIBUS REPLY, (II) DECLARATION OF GLENN E. SIEGEL, AND (III) DECLARATION OF CONOR P. TULLY IN SUPPORT OF THE STANDING MOTION**

The Official Committee of Unsecured Creditors (the "Committee") of Corp Group Banking S.A. ("CGB") and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Sealing Motion") pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Sealing Order"), authorizing the Committee to file under seal the *Official Committee of Unsecured Creditors' Omnibus Reply in Support of (A) Motion for (I) Leave, Standing and Authority to Prosecute and Settle Certain Claims and Causes of Action on Behalf of Debtors' Estates and (II) Exclusive Settlement Authority, and (B) the Committee's Claim*

---

[1] The Debtors in the Chapter 11 Cases (defined below), along with the last four digits of each Debtor's foreign tax identification number, are: Corp Group Banking S.A. (900-8); Compañia Inmobiliaria y de Inversiones Saga SpA (600-0); Inversiones CG Financial Chile Dos SpA (808-2); CG Financial Chile SpA (343-5); and CG Financial Colombia S.A.S. (144-5). The Debtors' mailing address is Rosario Norte N°660, 22nd Floor, Las Condes, Santiago, Chile.

*Objections* (the "Omnibus Reply"), filed at [D.I. 682 (sealed)], the *Declaration of Glenn E. Siegel* (the "Siegel Declaration"), filed at [D.I. 684 (sealed)] and the *Declaration of Conor P. Tully in Support of the Official Committee of Unsecured Creditors Motion for Leave, Standing and Authority to Prosecute Certain Claims and Causes of Action on Behalf of Debtors' Estates* (the "Tully Declaration"), filed at [D.I. 686 (sealed)] and respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Sealing Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Local Rule 9013-1(f) the Committee confirms its consent to the entry of a final order by the Court in connection with this Sealing Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On June 25, 2021 (the "Initial Petition Date"), Debtors CGB and Inversiones CG Financial Chile Dos SpA each commenced a voluntary case under chapter 11 of the Bankruptcy Code with the Court. On June 29, 2021, Debtors Compania Inmobiliaria y de Inversiones Saga SpA ("Saga"), CG Financial Chile SpA, and CG Financial Colombia S.A.S. each commenced a

24862079-v3

voluntary case under chapter 11 of the Bankruptcy Code with the Court (together with the cases filed on the Initial Petition Date, the "Chapter 11 Cases").

5. The Debtors, which are financial holding companies, continue to operate and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 20, 2021, the United States Trustee appointed the Committee consisting of (i) Deutsche Bank Trust Company Americas, as Trustee; (ii) Fondo de Inversión LarrainVial Deuda Corporativa; and (iii) MBI Servicios Financieros Limitada.

7. On December 23, 2021, the Committee filed the *Motion for (I) Leave, Standing, and Authority to Prosecute and Settle Certain Claims and Causes of Action on Behalf of Debtors' Estates and (II) Exclusive Settlement Authority* (the "Standing Motion,") [D.I. 392], the *Objection to Itaú Unibanco's Claims* (the "Itaú Claim Objection") [D.I. 394], and the *First Omnibus Objection to Claims in Connection with Non-Recourse Pledges (Substantive)* (the "Non-Recourse Claim Objection," and together with the Itaú Claim Objection, the "Claim Objections") [D.I. 396].

8. Several objections and/or responses to the Standing Motion and Claim Objections (collectively, the "Responses") were filed by Banco de Crédito e Inversiones S.A. ("BCI") [D.I. 489 (Feb. 1, 2022), 618 (Mar. 30, 2022)], Deutsche Bank Trust Company Americas, as collateral agent ("DBTCA") [D.I. 619 (Mar. 31, 2022)], Itaú Unibanco S.A. and certain affiliates thereof ("Itaú" and together with BCI and DBTCA, the "Objecting Creditors") [D.I. 620 (Apr. 4, 2022)], and the Debtors (and together with the Objecting Creditors, (the "Objecting Parties") [D.I. 623 (Mar. 30, 2022), 624 (Mar. 30, 2022), 625 (Mar. 31, 2022)].

9. On April 20, 2022, the Committee filed the Omnibus Reply, Siegel Declaration, and Tully Declaration under seal on the public docket.

10. The Omnibus Reply, Siegel Declaration, and Tully Declaration include "Confidential" or "Highly Confidential" information that was provided to the Committee pursuant to the *Confidentiality Agreement and Stipulated Protective Order* (the "Protective Order") [D.I. 422-1] and is "Designated Material," as defined therein.[1] As set forth in the Protective Order:

> [A]ll Designated Materials filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that contain, reflect, describe or disclose such Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules and Rule 9018-1 of the Local Rules of this Court. Parties may meet this obligation by redacting Designated Materials in publicly-filed pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Designated Materials with a placeholder marked "Redacted," providing unredacted and complete copies of all such submissions to all Parties eligible to receive such Designated Materials pursuant to this Protective Order and to the Court and the U.S. Trustee, and by following all other requirements of Local Rule 9018-1, including filing a motion for approval to file under seal, and filing a publicly viewable redacted form of the document within the time required by Local Rule 9018-1(d).

*Protective Order*, at ¶ 9.

11. Accordingly, as contemplated by the Protective Order, the Committee is filing contemporaneously with the Sealing Motion the proposed redacted versions of the Omnibus Reply (the "Proposed Redacted Omnibus Reply"), the Siegel Declaration, and the Tully Declaration (the "Proposed Redacted Tully Declaration", and together with the Proposed Redacted Omnibus Reply, the "Proposed Redacted Committee Pleadings").

---

[1] As used in the Protective Order, "Confidential" information includes discovery material if it "(A) constitutes or contains non-public proprietary or confidential technical, business, financial, or personal information; (B) [is] other information that is of a nature that would be subject to protection under applicable law or as determined by the Court; or (C) is subject by law or contract to a legally protected right of privacy; or [if](ii) a Producing Party is under a preexisting obligation to a third party to treat such Discovery Material as confidential." ¶ 4(a). "Highly Confidential" information includes "information that, as applicable, (i) could create a risk of injury to the Producing Party if such information were disclosed to persons other than those identified in paragraph 6 herein, or(ii) is commercially sensitive and of a competitive nature concerning the Producing Party." ¶ 4(b).

24862079-v3

**RELIEF REQUESTED**

12. By this Sealing Motion, the Committee requests entry of the Proposed Sealing Order in the form attached hereto as **Exhibit A** authorizing the Committee to file the Omnibus Reply, Siegel Declaration, and Tully Declaration under seal.

**BASIS FOR RELIEF REQUESTED**

13. Although the public has a common-law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of debtor corporations by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. See 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018; *see also Cendant*, 260 F.3d at 194 (noting that the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.'").

14. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Committee to file the Proposed Redacted Committee Pleadings under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . .

11 U.S.C. § 107(b).

15. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part.

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018; accord Del. Bankr. L.R. 9018-1(b).

16. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

17. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection. *See*, e.g., *Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Id.* Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

18. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" or "commercial" in nature. *Id.* at 27; *see also In re Global*

*Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. See *id*.

19. The Omnibus Reply, the Siegel Declaration, and Tully Declaration contain Designated Material consisting of Confidential Information and Highly Confidential Information, each as defined in the Protective Order. If the redacted information were disclosed, such disclosures potentially would reveal information that was provided to the Committee on a confidential basis. Based on the foregoing, absent protection, the Committee could be subject to liability related to the Protective Order. Accordingly, the Committee submits that good cause exists for the Court to grant the Sealing Motion so that Designated Material within the Omnibus Reply, Siegel Declaration, and Tully Declaration can be redacted.

20. Pursuant to Local Rule 9018-1, the Committee has provided an un-redacted version of the Omnibus Reply, Siegel Declaration, and Tully Declaration to the Court, the Debtors, and Itaú and will provide an unredacted version of the Omnibus Reply, Siegel Declaration, and Tully Declaration, on a confidential basis, to the U.S. Trustee.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

21. To the best of the knowledge, information, and belief of the undersigned counsel to the Committee, the Omnibus Reply, Siegel Declaration, and Tully Declaration contain information subject to the Confidentiality Rights (as defined in Local Rule 9018-1(d)(iii)). In drafting the Omnibus Reply, Siegel Declaration, and Tully Declaration, the Committee relied upon information subject to nondisclosure learned from reviewing information provided as part of 2004 discovery

24862079-v3

and other document requests. Out of an abundance of caution and to ensure that the Committee complied with their nondisclosure obligations, the Committee filed the Omnibus Reply, Siegel Declaration, and Tully Declaration under seal. Prior to filing this Motion, the undersigned counsel to the Committee reached out by email to counsel to the Debtors and Itaú in an attempt to confer in good faith and reach an agreement concerning what information, if any, must remain sealed. Itaú had no comments on the redactions, while the Debtors requested that certain information be unredacted. Thereafter, counsel to the Committee recirculated to counsel to the Debtors and Itaú the revised proposed materials reflecting the changes agreed between counsel to the Committee and the Debtors. Accordingly, the Committee submits that the Proposed Redacted Omnibus Reply is appropriate and necessary to comply with its confidentiality obligations.

22. Additionally, the Sealing Motion is timely pursuant to Local Rule 9018-d(i) that provides parties three business days to file such a motion to allow continued discussions related to confidential information.

## NOTICE

23. Notice of this Sealing Motion will be provided to the following parties, or, in lieu thereof, to their counsel, if known: (i) the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) the parties affected by the Standing Motion; (iv) the parties affected by the Claim Objections; and (v) any party who has filed a formal requests for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Committee submits that, under the circumstances, no other or further notice is required.

24. A copy of this Sealing Motion is available on (a) the Court's website, www.deb.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, at https://cases.primeclerk.com/CGB/Home-DocketInfo.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court grant the Sealing Motion and enter the Proposed Sealing Order attached hereto as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.

24862079-v3

| | |
|---|---|
| Dated: April 25, 2022<br>Wilmington, Delaware | **ROBINSON & COLE LLP**<br><br>/s/ Jamie L. Edmonson<br>Jamie L. Edmonson (No. 4247)<br>Ryan M. Messina (No. 6875)<br>1201 N. Market Street, Suite 1406<br>Wilmington, DE 19801<br>Telephone: (302) 516-1700<br>Email: jedmonson@rc.com<br>     rmessina@rc.com<br><br>Rachel Jaffe Mauceri (admitted *pro hac vice*)<br>1650 Market Street, Suite 3030<br>Philadelphia, PA 19103<br>Telephone: (267) 319-7900<br>Email: rmauceri@rc.com<br><br>-and-<br><br>**MORGAN, LEWIS & BOCKIUS LLP**<br><br>Glenn E. Siegel (admitted *pro hac vice*)<br>Jason R. Alderson (admitted *pro hac vice*)<br>101 Park Ave.<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Email: glenn.siegel@morganlewis.com<br>     jason.alderson@morganlewis.com<br><br>Andrew J. Gallo (admitted *pro hac vice*)<br>Christopher L. Carter (admitted *pro hac vice*)<br>One Federal Street<br>Boston, MA  02110-1726<br>Telephone: (617) 341-7700<br>Email: andrew.gallo@morganlewis.com<br>     christopher.carter@morganlewis.com<br><br>Nakisha Duncan (admitted *pro hac vice*)<br>1000 Louisiana Street<br>Houston, TX  77002<br>Telephone: (713) 890-5000<br>Email: nakisha.duncan@morganlewis.com<br><br>*Counsel for the Official Committee of Unsecured Creditors of Corp Group Banking S.A., et al* |

24862079-v3