**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CORP GROUP BANKING S.A., *et al.*,[1] | Case No. 21-10969 (JKS) |
| Debtors. | Re: Docket No. 1028 |

### ORDER ENFORCING THE DISCHARGE INJUNCTION UNDER THE DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION RE: DOCKET NO. 1028 AND ORDERING CERTAIN RELATED RELIEF

Upon consideration of the motion (the "*Motion*")[2] of Álvaro Saieh Bendeck, Jorge Andrés Saieh Guzmán, María Catalina Saieh Guzmán, and Pilar Dañoebeitía Estades (collectively, the "*Movants*") for entry of an order, pursuant to Bankruptcy Code Sections 105(a), 524, 1141, and Bankruptcy Rule 3020(d), enforcing this Court's Confirmation Order ("*Confirmation Order*") and directing the Litigation Trustee to suspend and to take all steps necessary to continue its suspension of any further distributions to holders of Class 7B CGB Unsecured Notes Claims (the "Class 7B Creditors"), of Litigation Trust Net Recoveries received by the Litigation Trust on account of and otherwise payable with respect to the SP Short Term Note, and granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant

---

[1] The last four digits of the Debtor's foreign tax identification number are 900-8. The Debtor's mailing address is Rosario Norte N°660, 22nd Floor, Las Condes, Santiago, Chile. The chapter 11 cases of certain affiliates of the Debtor were closed effective as of April 28, 2023. *See* Case No. 21-10969, Docket No. 974.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan and Motion.

to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of the Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances to all interested parties, including without limitation the Class 7B Creditors, and that no other or further notice need be given; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, the Litigation Trust, the Litigation Trustee, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. By filing and maintaining *querellas* in Chile, withdrawing *querellas* subject to reservations of rights leaving open the possibility of obtaining additional monetary damages, and affirmatively supporting other querellantes in pursuing *querellas* through the filing of an expert report, the Remaining Querellantes[3] are violating the Injunction within the Plan and approved in the Confirmation Order. The *querellas* at issue assert generalized harm against all bondholders and describe derivative harms to all holders of relevant financing instruments. The Remaining Querellantes' continuation of the *querella*-related proceedings thus pursues claims that belong to the Estate and are Estate Causes of Action that were settled against Movants.

---

[3] The Remaining Querellantes are (i) Juan Carlos Petersen Widmer, (ii) Marisol Burgos Concha, (iii) Cristian Pablo Pinto Marinovich, (iv) Juan Carlos Tali-Hamideh Bitar, (v) Inversiones GV S.A., (vi) Trayenko Investments LP, (vii) Zermat Business Inc., (viii) CB Investments SpA, and (ix) Inversiones Los Lirios S.A.

3. The Litigation Trustee is directed to suspend and to take all steps necessary to continue its suspension of any further distributions to the Class 7B Creditors, as identified in the Plan and the Plan Supplements, of Litigation Trust Net Recoveries received by the Litigation Trust on account of and otherwise payable with respect to the SP Short Term Note, to continue to hold such amounts in escrow for the benefit of the Class 7B Creditors, and to make no further such distributions to the Class 7B Creditors until (a) such time as each and every one of the Remaining Querellantes certifies to the Litigation Trustee and Movants that they have withdrawn their *Querellas*, any associated reservation of rights, as well as any filings in support of their *Querellas*, including the expert report filed by Exportadora Los Lirios S.A; or (b) further order of this Court.  The certification contemplated in this paragraph shall be transmitted electronically to counsel for Movants and the Litigation Trustee in the form of a sworn affidavit accompanied by supporting documentation satisfactory in form and substance to the Litigation Trustee.  For the avoidance of doubt, the payment suspension provisions of this Order shall not apply to the Class 7A Creditors.

4. While this Order is in effect, Movants and the Litigation Trustee shall jointly file with this Court, on a ninety-day basis, a joint status report regarding the (i) continuation of the status of the moratorium and (ii) identity of the Remaining Querellantes that have not provided the certification described in the preceding paragraph to the Court and Class 7B Creditors.

5. In complying with this Order, the Litigation Trust, the Litigation Trustee, the Litigation Trust Committee and the Covered Persons (as defined in the Litigation Trust Agreement) shall be, and shall be deemed to be, acting in good faith, within the scope

of its and their business judgment and fiduciary obligations, and in compliance with the Plan, the Plan Supplements, the Confirmation Order, the Litigation Trust Agreement (including without limitation Sections 3.03 and 3.04 thereof), and the prior orders of this Court entered in this chapter 11 case and the affiliated chapter 11 cases (the foregoing documents, collectively, the "<u>Applicable Documents</u>"), and, for the avoidance of doubt, the protections set forth in the Applicable Documents (including without limitation, the non-liability, release, exculpation, and indemnification provisions set forth in Articles III and VI of the Litigation Trust Agreement) shall continue to apply to the Litigation Trust, the Litigation Trustee, the Litigation Trust Committee and the Covered Persons.

6. All rights of the Movants, the Litigation Trust, and the Litigation Trustee are reserved, including without limitation to seek further relief or clarification from this Court, if and as necessary in the Litigation Trustee's discretion, in connection with the Litigation Trust's and the Litigation Trustee's continued compliance with this Order and continuing obligations under the Applicable Documents.

7. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: September 5th, 2024  
Wilmington, Delaware

**J. KATE STICKLES**  
**UNITED STATES BANKRUPTCY JUDGE**