IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORP GROUP BANKING S.A., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-10969 (JKS)<br><br>Re: Docket No. 1028 |

**LITIGATION TRUSTEE AND MOVANTS'**
**FOURTH NINETY-DAY JOINT STATUS REPORT TO BANKRUPTCY COURT**

Steven D. Sass LLC, solely in its capacity as Trustee (in such capacity, the "Trustee") of the Litigation Trust formed pursuant to the *Seventh Amended Joint Plan of Liquidation of Corp Group Banking S.A. and Its Debtor Affiliates* (the "Plan"), and Álvaro Saieh Bendeck, Jorge Andrés Saieh Guzmán, María Catalina Saieh Guzmán, and Pilar Dañobeitía Estades (collectively, the "Movants"), hereby jointly file their ninety-day status report regarding the continuation of the status of the moratorium and identities of the Remaining Querellantes[2] that have not certified to the Trustee and Movants that they have withdrawn their *querellas*, any associated reservation of rights, as well as any filings in support of their *querellas*, including the expert report filed by Exportadora Los Lirios S.A. *See* Docket No. 1047 ¶ 3 (the "Order").

The Trustee and Movants, by and through their respective undersigned counsel, respectfully report as follows:

---

[1] The last four digits of the Debtor's foreign tax identification number are 900-8. The Debtor's mailing address is Rosario Norte N°660, 22nd Floor, Las Condes, Santiago, Chile. The chapter 11 cases of certain affiliates of the Debtor were closed effective as of April 28, 2023. *See* Case No. 21-10969, Docket No. 974.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan and Movants' Motion To Enforce Order Confirming the Seventh Amended Joint Plan of Liquidation of Corp Group Banking S.A. and Its Debtor Affiliates, Docket No. 1028 ("Motion" or "Mot.").

**STATUS REPORT**

1. On September 5, 2024, this Court entered the Order directing the Trustee "to suspend and to take all steps necessary to continue its suspension of any further distributions to the Class 7B Creditors, as identified in the Plan and the Plan Supplements, of Litigation Trust Net Recoveries received by the Litigation Trust on account of and otherwise payable with respect to the SP Short Term Note, to continue to hold such amounts in escrow for the benefit of the Class 7B Creditors, and to make no further such distributions to the Class 7B Creditors until (a) such time as each and every one of the Remaining Querellantes certifies to the Litigation Trustee and Movants that they have withdrawn their *querellas*, any associated reservation of rights, as well as any filings in support of their *querellas*, including the expert report filed by Exportadora Los Lirios S.A; or (b) further order of this Court." Order ¶ 3.

2. The Court further directed that "[w]hile th[e] Order is in effect, Movants and the Litigation Trustee shall jointly file with this Court, on a ninety-day basis, a joint status report regarding the (i) continuation of the status of the moratorium and (ii) identity of the Remaining Querellantes that have not provided the certification described in [paragraph 3 of the Order] to the Court and Class 7B Creditors." *Id.* ¶ 4.

3. To date, neither the Litigation Trustee nor Movants have received a certification from any of the Remaining Querellantes[3] stating that they have withdrawn their *querellas*, any associated reservation of rights, or any filings in support of their *querellas*.

---

[3] The Remaining Querellantes are (i) Juan Carlos Petersen Widmer, (ii) Marisol Burgos Concha, (iii) Cristian Pablo Pinto Marinovich, (iv) Juan Carlos Tali-Hamideh Bitar, (v) Inversiones GV S.A., (vi) Trayenko Investments LP, (vii) Zermat Business Inc., (viii) CB Investments SpA, and (ix) Inversiones Los Lirios S.A.

4. Instead, Movants recently learned that on June 27, 2025, Juan Carlos Petersen Widmer, one of the Remaining Querellantes, *see* n. 3 *infra*; *see also* Mot. ¶ 38, filed with the Chilean Public Prosecutor's Office, a supplement to his *querella* in which he asserts new, additional criminal allegations against Movants regarding the issuance of the CGB Unsecured Notes, Ex. A at p. 1, 19-20 (the "<u>Supplemental Querella</u>"). As discussed in the Motion, the Debtors fully released any and all claims against Movants related to the CGB Unsecured Notes pursuant to the SP Settlement. *See* Mot. ¶ ¶ 17-21. *See also* Dkt. No. 7701, at 5. This Court's Confirmation Order incorporated the SP Settlement and approved it as a "good faith compromise and settlement" of all claims that could have been asserted by or on behalf of the Debtors. *See* Dkt. No. 825 ¶ 31. The Plan and Confirmation Order further provided that upon the Effective Date, Movants and all other settling parties would be fully released by the Debtors, their estates, and their creditors from any and all claims, causes of action, or liabilities relating to the settled matters. *See* Plan Art. XI.E; Confirmation Order ¶ 8. Mr. Petersen Widmer's Supplemental Querella thus amounts to yet another bad-faith collateral attack on the legitimacy of the Plan and this Court's orders.

5. Indeed, Mr. Petersen Widmer admitted in his Supplemental Querella that he is aware of this Court's orders in these chapter 11 proceedings but has affirmatively chosen to disobey them. Specifically, the Supplemental Querella contains the following statement by Mr. Petersen Widmer's attorney:

> Several criminal complaints have been filed in this judicial file, and with respect to the exercise of the criminal action by my client, so have two filings, one dated March 16, 2023, and the other dated January 26, 2024. These complaints have not been dropped, since **Juan Carlos Petersen Widner rejected the threats of sanctions and warnings in a foreign bankruptcy court (Bankruptcy Court of the District of Delaware, United States)** that were communicated to him by the defendants' Chilean and foreign lawyers.

Ex. A at p. 3 (emphasis added).

6. In addition to submitting the Supplemental Querella, in or around June 2025, Mr. Petersen Widmer, as well as Remaining Querellante Marisol Burgos Concha, *see* n. 3 *infra*; *see also* Mot. ¶ 38, filed with the Chilean Public Prosecutor's Office, an expert report in support of their original *querellas,* which purports to quantify the damages Mr. Petersen Widmer and Ms. Burgos Concha suffered from the conduct alleged in their respective *querellas*, specifically that Movants stripped CGB of its assets and then transferred them for the benefit of related entities. Ex. B at p. 6. As discussed in the Motion, these transactions and asset transfers were the subject of the UCC's proposed claims and were settled and released under the SP Settlement. Mot. ¶ 25. Thus, in addition to submitting *querellas* against Movants after and in violation of the Court's October 2023 Order directing the withdrawal of MBI Servicios' *querella*, Mr. Petersen Widmer and Ms. Burgos Concha have, through the filing of their expert report, doubled down (and in the case of Mr. Petersen Widmer, tripled down, *see supra* ¶¶ 4-5) on their contempt of this Court's orders.[4]

7. In light of Mr. Petersen Widmer's, Ms. Burgos Concha's, and the other Remaining Querellantes' continued collateral attacks on and knowing contempt of this Court's orders, Movants believe that the Court should maintain the suspension of any further distributions by the Litigation Trustee to the Class 7B Creditors until such time as all the Remaining Querellantes certify to the Litigation Trustee and Movants that they have withdrawn their *querellas*, any associated reservation of rights, as well as any filings in support of their *querellas*. Order ¶ 3.

---

[4] The translations of the exhibits attached hereto were not available until immediately prior to the filing of this status report. Accordingly, the Trustee has not reviewed them and at this time takes no position with respect to the content or effect thereof.

8. The Trustee, while empathetic to the Movant's position and cognizant of the apparent continuing disregard of this Court's orders by the Remaining Querellantes, also recognizes that the year-long suspension of payments to the Trust's beneficiaries has not had the desired deterrent effect on the activities of the Remaining Querellantes. The Trustee believes that it is inequitable to continue to withhold payments to the Class 7B Creditors due to the asserted actions of a few actors, and that it is appropriate, with this Court's authorization, to resume payment.

9. While Movants understand the Trustee's desire to avoid inequities, Movants understand that the Trustee has not received a single complaint or raised concern regarding the moratorium from any Class 7B Creditor, indicating that the moratorium has not caused any harm or feelings of inequitable treatment to the Class 7B Creditors. In contrast, unlike the Class 7B Creditors, Movants are actively and directly being prejudiced by the Remaining Querellantes' conduct which has forced them to expend significant time and costs defending against claims that were released under the SP Settlement, in exchange for which Mr. Saieh has, without fail, met all his obligations, including by timely providing each and every settlement payment. Accordingly, unless and until the Trustee can identify a mechanism by which to distribute the Trust payments to those Class 7B Creditors not in violation of the Court's orders, Movants believe the moratorium should remain in effect though have no objection to discussing their position with the Court. Movants also reserve the right to seek further intervention of the Court. Order ¶ 3. The Trustee similarly reserves its rights. *Id.*

10. Accordingly, both Movants and the Trustee request a status conference before the Court to discuss the instant joint status report and this Court's views on a path forward.

Dated: September 3, 2025
      Wilmington, Delaware

| **ROBINSON & COLE LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
|---|---|
| By: *Jamie L. Edmonson* <br> Jamie L. Edmonson (No. 4247) <br> 1201 North Market Street, Suite 1406 <br> Wilmington, Delaware 19801 <br> Tel:  (302) 295-4800 <br> Fax:  (302) 351-8618 <br> Email: jedmonson@rc.com <br><br> -and- <br><br> Rachel Jaffe Mauceri (*pro hac vice*) <br> 1650 Market Street, Suite 3600 <br> Philadelphia, Pennsylvania 19103 <br> Tel:  (267) 319-7900 <br> Email: rmauceri@rc.com <br><br> *Counsel for the Litigation Trustee* | By: *Laura Davis Jones* <br> Laura Davis Jones (DE Bar No. 2436) <br> Peter J. Keane (DE Bar No. 5503) <br> 919 North Market Street, 17th Floor <br> P.O. Box 8705 <br> Wilmington, Delaware 19899-8705 (Courier 19801) <br> Tel:  (302) 652-4100 <br> Fax:  (302) 652-4400 <br> Email: ljones@pszjlaw.com <br>        pkeane@pszjlaw.com <br><br> -and- <br><br> **SELENDY GAY PLLC** <br> Philippe Z. Selendy (*pro hac vice*) <br> David S. Flugman (*pro hac vice*) <br> Lauren J. Zimmerman (*pro hac vice*) <br> 1290 Avenue of the Americas <br> New York, New York 10104 <br> Tel:  (212) 390-9000 <br> Email: pselendy@selendygay.com <br>        dflugman@selendygay.com <br>        lzimmerman@selendygay.com <br><br> *Counsel for Movants Álvaro Saieh Bendeck, Jorge Andrés Saieh Guzmán, Maria Catalina Saieh Guzmán, and Pilar Dañoebeitía Estades* |