**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORP GROUP BANKING S.A., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-10969 (JKS) |

### AGREED ORDER LIFTING SUSPENSION ON DISTRIBUTIONS BY LITIGATION TRUSTEE AND ORDERING CERTAIN RELATED RELIEF

### RECITALS

A status conference having been held before this Court with respect to the Court's prior *Order Enforcing The Discharge Injunction Under The Debtors' Chapter 11 Plan Of Liquidation Re: Docket No. 1028 And Ordering Certain Related Relief* [Dkt. No. 1047], it appearing that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice has been given under the circumstances, and that no other or further notice need be given; and this Court having determined upon the record at the status conference that the following relief requested is in the best interests of the Debtors, their estates, their creditors, the Litigation Trust, the Litigation Trustee, and other parties in interest; and

---

[1] The last four digits of the Debtor's foreign tax identification number are 900-8. The Debtor's mailing address is Rosario Norte N°660, 22nd Floor, Las Condes, Santiago, Chile. The chapter 11 cases of certain affiliates of the Debtor were closed effective as of April 28, 2023. [*See* Case No. 21-10969, Dkt. No. 974.]

after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Payment Moratorium, as further described in the September 2024 Order, is hereby lifted and terminated in its entirety.

2. The Litigation Trustee is directed to take all steps necessary to reinstate Litigation Trust distributions to the Class 7B Creditors, as identified in the Plan and the Plan Supplements, of Litigation Trust Net Recoveries received by the Litigation Trust on account of and otherwise payable with respect to the SP Short Term Note, including (i) to promptly distribute the 2024 and 2025 Payments and (ii) upon receipt, to promptly distribute future payments, to and for the benefit of the Class 7B Creditors. For the avoidance of doubt, the Trustee shall also continue making applicable payments to the Class 7A Creditors.

3. No further join status reports shall be required by the Movants and the Litigation Trustee.

4. All rights of the Movants and the Litigation Trust and the Litigation Trustee are reserved, including without limitation to seek further relief or clarification from this Court, if and as necessary in their respective discretion.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 5th, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE